UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

| | |
|---|---|
| EL DORADO CONDOMINIUM ASSOCIATION, INC., a Florida Non Profit Corporation,<br><br>　　　Plaintiff,<br><br>v.<br><br>BROCK & SCOTT, PLLC, a foreign limited liability company,<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1.　Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et seq*. Simply put, Defendant, in connection with the collection of a debt, served Plaintiff with a state court summons and complaint despite the fact that Plaintiff owed no debt and further that Plaintiff was an improper party to include in the state court lawsuit.

## JURISDICTION AND VENUE

2.　This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k. The Court has pendant jurisdiction over the Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the

1

Plaintiff's federal claims. Venue in this District is proper because both Plaintiff and Defendant reside here.

## PARTIES

3.	Plaintiff, El Dorado Condominium Association, Inc. ("El Dorado"), is a Florida non-profit corporation, a person within the meaning of 15 U.S.C. § 1692g, and a citizen of the State of Florida.[1]

4.	Defendant, Brock & Scott, PLLC ("Brock & Scott") is a North Carolina limited liability company whose principal address is 1501 NW 49th Street, Suite 200, Ft. Lauderdale, FL 33309, and whose Registered Agent for service of process in the State of Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

5.	Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Brock & Scott is a "debt collector" as within the meaning of 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

---

[1] Notwithstanding the definition of "consumer" in 15 U.S.C. § 1692a(3), "[t]he remaining text of the statute implies that the word "person" includes corporations and other artificial entities, *see, e.g., Passa v. City of Columbus*, No. 2:03-CV-81, 2007 WL 3125130, at *9 (S.D. Ohio Oct. 24, 2007), and the Federal Trade Commission, which is tasked with enforcing the FDCPA, has recognized that it reaches beyond natural persons, see Statements of General Policy or Interpretation, Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50100 (Dec. 13, 1988) (noting that the statute applies to law firms). Courts, therefore, routinely apply the FDCPA to artificial entities. *See, e.g., Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 130 S.Ct. 1605, 1609, 176 L.Ed.2d 519 (2010); *Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997, 1003 (8th Cir.2011). *AW v. Preferred Platinum Plan, Inc.*, 923 F. Supp. 2d 1168 (D.Minn.2013).

6. At all times material to the allegations of this Complaint, Defendant was acting as a debt collector with respect to the collection of the debt alleged in the underlying state-court lawsuit, *infra.*

7. To prevail on a FDCPA claim, a plaintiff must prove that: (1) he has been the target of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined under the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Battle v. Gladstone Law Group, P.A.*, 951 F. Supp. 2d 1310, 1313 (S.D. Fla. 2013); see also 15 U.S.C. §§ 1692a(5), 1692d, 1692e.

8. Mortgage foreclosure is debt collection activity within the meaning of the FDCPA. *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211 (11th Cir. 2012). *See also, Smith v. LVNV Funding, LLC*, 2 F. Supp. 3d 1089 (E.D. Tenn. 2014) (lawsuit is collection activity).

9. Even if Defendant's foreclosure complaint was only an action limited to the recovery of real property, the demand for attorney fees brings it within the purview of the FDCPA. *See generally Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1217 (11th Cir. 2012).

**FACTUAL ALLEGATIONS**

10. On or about February 17, 2009, the Law Offices of David A. Stern, P.A., on behalf of "Deutsche Bank National Trust Company Americas, As Trustee

3

For RALI 2007QS5" ("Deutsche Bank"), filed a foreclosure complaint in the Circuit Court of Brevard County, Florida, Case No.: 05-2009-CA-012036 (the "Deutsche Bank Complaint").

11. The Defendants in the Deutsche Bank Complaint include Jimmie P. Kiser ("Kiser) and others, including but not limited to El Dorado Condominium Association of Brevard, Inc. ("El Dorado Brevard").

12. El Dorado Brevard is not now, nor has it ever been associated in any way with the Plaintiff in this action, El Dorado Condominium Association, Inc., a Palm Beach County, Florida entity.

13. The Deutsche Bank Complaint sought to collect from Kiser a debt allegedly incurred for personal, family, or household purposes; more specifically, the debt at issue was promissory note secured by Kiser's personal residence at the time, a condominium located in Cocoa Beach, Florida.

14. The alleged debt which was the subject of the Deutsche Bank Complaint is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

15. Upon information and belief, one of the Defendants in the Deutsche Bank Complaint, El Dorado Condominium Association of Brevard, Inc., was formed as a Florida Non Profit Corporation on October 8, 1985 and involuntarily dissolved on November 14, 1986, several years before the Deutsche Bank Complaint was filed.

16. On or about February 25, 2009, service of process was effected upon El Dorado Condominium Association, Inc., at 1109 Bel Air Drive, # 2, Highland Beach, Broward County, Florida, 33487 ("El Dorado") despite the fact that El Dorado owed no debt and was an improper party to serve in the state court action referred to as the Deutsche Bank Complaint.

17. Upon information and belief, the Deutsche Bank Complaint underwent a period of relative inactivity until, on or about March 21, 2014 the Defendant in this action, Brock & Scott, PLLC, filed its Notice of Appearance.

18. On or about April 21, 2014, Defendant El Dorado Condominium Association, Inc., was dropped as a Defendant from the lawsuit involving the Deutsche Bank Complaint. Thereafter, on or about August 19, 2014, Defendant Brock & Scott filed a motion for extension of time, which was served upon Plaintiff, and which stated that the dropping of party El Dorado Condominium Association, Inc., was "inadvertent". Moreover, subsequent to that date, on or about November 30, 2014, Defendant Brock & Scott sought leave to file a Verified Amended Complaint against "El Dorado Condominium Association of Brevard, Inc., a/k/a El Dorado Condominium Association, Inc." Thereafter, Defendant Brock & Scott improperly caused a Notice of Serving to be sent to Plaintiff on or about January 20, 2015 and caused a Summons to be issued by the Clerk of Brevard County against Plaintiff on or about February 9, 2015.

19. On or about November 26, 2014, Brock & Scott was notified in writing by the President of El Dorado Condominium Association, Inc., D.M., that Brock & Scott had involved the wrong party, that is, Plaintiff, in the Deutsche Bank Complaint and was asked to correct its error. (Exhibit A).

20. On December 1, 2014, Brock & Scott informed Plaintiff that it was "reviewing" the file and would resolve the issue "as soon as possible."

21. Over one month later, and having received no additional response from Brock and Scott since December 1, 2014, Plaintiff again requested, in writing, assurance from Brock & Scott that Plaintiff was no longer involved in the Deutsche Bank Complaint.

22. On January 12, 2015, Brock & Scott replied to Plaintiff, stating, "We are working diligently to drop El Dorado Condominium Association, Inc. of Palm Beach County from this foreclosure matter.

23. Less than one month later, on February 9, 2015, Brock & Scott once again caused the Clerk of Brevard County to issue a summons against Plaintiff, despite knowledge that Plaintiff was not the El Dorado Condominium Association of Brevard, Inc. named in the Deutsche Bank Complaint.

24. Brock & Scott's failure or refusal to cease its attempts to involve Plaintiff in the Deutsche Bank Complaint has now caused Plaintiff to retain counsel to force Brock & Scott to address the matter.

25. The consequence of Brock & Scott's debt collection activity as described herein has been to harass, oppress and abuse the Plaintiff, a party who has been served with process and has also been served pleadings, notices and motions, even though it is not the proper defendant in the state court litigation.

26. Such willful and wanton abuse of process, ultimately undertaken for the purpose of obtaining a judgment Brock & Scott's might not otherwise be entitled to, is exempt from any protections afforded under Florida's litigation privilege in relation to Plaintiff's state law claim. *See North Star Capital Acquisitions, LLC v. Krig*, 611 F. Supp. 2d 1324, 1332 (M.D. Fla. 2009) ("[N]ot every event bearing any relation to litigation is protected by the privilege because … if the litigation privilege applied to all actions preliminary to or during judicial proceedings, an abuse of process claim would never exist, nor would a claim for malicious prosecution…") (citing *SCI Funeral Services of Fla., Inc. v. Henry,* 839 So.2d 702, 706 n. 4 (Fla. 3d DCA 2002) (internal citations omitted)).

## **COUNT I - VIOLATION OF 15 U.S.C. § 1692d**

27. Plaintiff re-alleges the foregoing paragraphs.

28. A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d.

29. § 1692d is explicitly not limited to the conduct proscribed by subsections (1)-(6). Courts, where appropriate, may proscribe other improper conduct which is not specifically addressed. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985).

30. For reasons known only to Brock & Scott, after having been made aware that Plaintiff is not the correct party in the Deutsche Bank Complaint and having acknowledged the same in writing, Brock & Scott persists in its efforts to obtain the issuance of a civil summons against Plaintiff, and to serve motions and notices upon Plaintiff, ostensibly, to secure a judgment against the wrong party. This is exactly the type of conduct § 1692d is intended to address.

31. Brock & Scott's intentionally harassing and unlawful behavior is underscored the fact that Plaintiff was promised that Brock & Scott was "working diligently" to address Plaintiff's concerns when, in fact, they continued to have another summons issued against Plaintiff on February 9, 2015 and served a Notice of Serving upon Plaintiff on January 20, 2015 .

32. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in statutory damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

33. The FDCPA has a one-year statute of limitations. *Archer v. Aldridge Connors, LLP*, 998 F. Supp. 2d 1360, 1362 (S.D. Fla. 2014). This count incorporates Defendant's acts and omissions within that time frame.

WHEREFORE, Plaintiff EL DORADO CONDOMINIUM ASSOCIATION, INC. requests that this Court enter judgment in her favor, and against Defendant BROCK & SCOTT, PLLC, for:

    a. Statutory and actual damages pursuant to 15 U.S.C. §1692k;

    b. Attorney's fees, litigation expenses and costs of the instant suit; and

    c. Such other or further relief as the Court deems proper.

## **COUNT II – VIOLATION OF FLA. STAT. § 559.72(9)**

34. In collecting consumer debts, no person shall claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist. Fla. Stat. § 559.72(9).

35. Pursuant to Fla. Stat. § 559.77(2), the Court may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of Section 559.72.

36. Defendant caused a summons to be issued against Plaintiff and served a Notice of Serving upon Plaintiff knowing beforehand that Plaintiff was not the El Dorado Condominium Association of Brevard, Inc., and in doing so, Brock &

Scott attempted to enforce a debt against Plaintiff that it knew was not legitimately owed by, or related to Plaintiff.

37. Brock & Scott's intentionally harassing and unlawful behavior is underscored the fact that Plaintiff was promised Brock & Scott was "working diligently" to address Plaintiff's concerns when, in fact, they were continuing to have a Summons issued against Plaintiff and served a Notice of Serving on Plaintiff.

38. Plaintiff remains uncertain as to whether it has been included in the Verified Amended Complaint because of Defendant's Brock & Scott's having caused the issuance of a Summons against Plaintiff on February 9, 2015 and a Notice of Serving to be sent to Plaintiff on or about January 20, 2015.

39. Without the injunctive relief available through § 559.72, Plaintiff faces the prospect of being wrongly hauled into court over and over again.In addition to injunctive relief, any person who fails to comply with any provision of § 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

40. The FCCPA has a two-year statute of limitations. *Severe v. Shapiro, Fishman & Gache, LLP*, No. 14-CIV-80345-BLOOM/Valle (S.D. Fla. Oct. 6,

2014). This count incorporates Defendant's acts and omissions within that time frame.

WHEREFORE, Plaintiff EL DORADO CONDOMINIUM ASSOCIATION, INC. requests that this Court enter judgment in her favor, and against Defendant BROCK & SCOTT, PLLC, for:

    a. Statutory damages, actual damages, and injunctive relief pursuant to Fla. Stat. § 559.77(2).

    b. Attorney's fees, litigation expenses and costs of the instant suit; and

    c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  April 9, 2015.

    Respectfully submitted,

    s/ Scott D. Owens
    Scott D. Owens, Esq.
    SCOTT D. OWENS, P.A.
    3800 S. Ocean Dr., Ste. 235
    Hollywood, FL 33019
    Tel: (954) 589-0588
    Fax: (954) 337-0666
    Florida Bar No. 0597651
    scott@scottdowens.com